**SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA**

Rev. Earnest Lee Hobley
413 Longfellow Street, N. W.
Washington, D.C. 20011

RECEIVED
Civil Clerk's Office
SEP 21 2006
Superior Court of the
District of Columbia
Washington, D.C.

0007155-06

    **Plaintiff**                                                    Civil Action No.

Vs.

Wachovia Corporation *(President Ken Thompson) served*
301 South College Street, Suite 4000
One Wachovia Center
Charlotte, North Carolina 28288-0013

    **Defendant**

### COMPLAINT

1. Plaintiff brings this action under the Civil Rights Act Against false accusation, false information, false arrest, false prosecution and frame-up under the "Other Civil Rights" (non-employment) listed in the "L" section (440 Other Civil Rights) as listed on the JS-44 Civil Cover Sheet, rev. 2/01 D.C.

2. Jurisdiction of this Court is provided pursuant to D. C. Code Sec. 2-1403.16 and 11-921 (1981) since the defendant does business in D. C., plaintiff worked in this jurisdiction and the acts complained of took place in this jurisdiction.

3. Venue is appropriate since defendant does business in D. C., plaintiff worked in this jurisdiction and the acts complained of took place in this jurisdiction.

### PARTIES

4. Plaintiff, Rev. Earnest Lee Hobley is a 49-year old African-American male who resides in Washington, D.C.

5. Wachovia Corporation (formerly First Union Bank) does business in Washington, DC. The location where the Plaintiff conducted business is as follows: 2119 Bladensburg, Road, NE Washington, DC 20018 (Branch no.1178).

## FACTS

6. On June 31, 2001, the Plaintiff, Rev. Earnest Lee Hobley was an employee with Kentucky Fried Chicken, (KFC) serving as an assistant manager and was assigned to work at the KFC restaurant located at 2119 Bladensburg Road, NE Washington, DC (store no. Y075018).

7. On Sunday, February 9, 2003, following the successful completion of the plaintiff's assigned work shift, KFC's area coach Marcus Jackson terminated the Plaintiff.

8. On Friday June 13, 2003, the Plaintiff, Rev. Earnest Lee Hobley was arrested from his residence and charged with first-degree theft.

9. On February 7, 2004, the Superior Court of the District of Columbia found Rev. Earnest Hobley "innocent" of the charge of first-degree theft.

10. On August 29, 2006 the Plaintiff Rev. Earnest Lee Hobley discovered that his being charged with first-degree theft was based upon false information employee(s) at First Union/Wachovia Bank located at 2119 Bladensburg, Road, NE Washington, DC reported to KFC's general manager, then Mr. Olu Adepegba.

11. KFC's general Manmager Mr. Olu Adepegba stated to the Polic Department that he cheked with the bank several times in a couple of weeks to see if the money had been deposited and it had not.

12. The Plaintiff claims that the bank falsely reported to KFC's general manager Olu Adepegba that the Plaintiff **did not** make a cash deposit the Plaintiff was responsible to make.

## NATURE OF CLAIM

12. This is an action for declaratory relief; injunctive relief damages based upon false accusation, false information, false arrest, false prosecution, and frame-up.

## REMEDY REQUESTED

WHEREFORE, Plaintiff requests this Court to grant him the following relief:

1. Direct that defendeant compensates the Plaintiff for pain and suffering damages that he suffered because of false accusation, false information, false arrest, false prosecution and frame-up.

2.  Direct that defendant compensate the Plaintiff for false accusation, false information, false arrest, false prosecution and frame-up.

3.  Direct that defendant compensate Plaintiff's attorney for reasonable attorney's fees and reimburse Plaintiff for costs that he incurred in being forced to bring this action for false accusation, false information false arrest, false prosecution, and frame-up; and

4.  Grant such additional relief as the Court deems proper, and Wherefore, the oremises considered, the Plaintiff demands judgement against the Defendant in the amount of five billion dollars ($5,000,000,000).

### JURY DEMANDS

Plaintiff demands a trial by Jury.

Respectfully Submitted,

*[signature]*

*pro se* Rev. Earnest Lee Hobley
413 Longfellow Street, N.W.
Washington, D.C. 20011
(301) 237-3564



To Doug Edwards
9-25-6   41385

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
CIVIL DIVISION
LEGAL DIVISION

SEP 2 6 2006

EARNEST L HOBLEY
Vs.
WACHOVIA CORPORATION

**RECEIVED**

C.A. No.   2006 CA 007155 B



**INITIAL ORDER**

SEP 2 6 2006

LEGAL DIVISION

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge MARY A. TERRELL
Date: September 21, 2006
Initial Conference: 9:15 am, Friday, December 29, 2006
Location: Courtroom 219
500 Indiana Avenue N.W.
WASHINGTON, DC 20001

Caio.doc

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA

REV. EARNEST LEE HOBLEY, )
)
    Plaintiff, )
)
v. ) Civil Action No. 0007155-06
)
WACHOVIA CORPORATION, )
)
    Defendant. )
_____ )

RECEIVED
Civil Clerk's Office
OCT 1 1 2006
Superior Court of the
District of Columbia
Washington, D.C.

## DEFENDANT'S MOTION TO DISMISS

Defendant, Wachovia Bank, N.A. ("Wachovia" or the "Bank"), by counsel, pursuant to SCR-Civil 12-I(d), 12(b)(6), and/or 12(e), moves this honorable Court for entry of an order dismissing the Complaint filed by Rev. Earnest Lee Hobley ("Plaintiff"), and in support of this motion states as follows:

1.     Plaintiff's claims are barred by the applicable statutes of limitation.

2.     Plaintiff's Complaint fails to state a claim upon which relief may be granted.

3.     And for such other and further reasons as are set forth more fully in the accompanying Memorandum of Points and Authorities.

WHEREFORE, Defendant, Wachovia Bank, N.A., respectfully requests that the Complaint against it be dismissed, with prejudice; and for such other and further relief as may be proper under the circumstances.

WACHOVIA BANK, N.A.

By: _____
Of Counsel

Grady C. Frank, Jr., D.C. Bar No. 433469
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
Telephone: (703) 734-4334
Facsimile: (703) 734-4340
*Counsel for Wachovia Bank, N.A.*

### CERTIFICATE UNDER SCR-CIVIL 12-I(a)

I, Grady C. Frank, Jr., certify in compliance with SCR-Civil 12-I(a) that I have made diligent efforts to obtain consent from the affected parties for the relief sought in the foregoing motion, and have been unable to obtain consent from Plaintiff Rev. Earnest Lee Hobley.

Grady C. Frank, Jr.

### STATEMENT OF POINTS AND AUTHORITIES

Pursuant to SCR Civil 12-I(e), Wachovia Bank, N.A., sets forth the following statement of points and authorities in support of the foregoing Motion.

1. SCR-Civil 12-I(e)

2. SCR-Civil 12(b)(6)

3. 42 U.S.C. § 1983

4. D.C. Code § 12-301(8) (2006).

5. D.C. Code § 12-301(4) (2006).

6. *Wilson v. Garcia*, 471 U.S. 261(1985).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of October, 2006, a copy of the foregoing document was sent by first-class mail, postage prepaid, to:

Rev. Earnest Lee Hobley
413 Longfellow Street, N.W.
Washington, D.C. 20011

304644

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA

REV. EARNEST LEE HOBLEY,    )
                            )
    Plaintiff,              )
                            )
v.                          )    Civil Action No. 0007155-06
                            )
WACHOVIA CORPORATION,       )
                            )
    Defendant.              )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant, Wachovia Bank, N.A. ("Wachovia" or the "Bank"), by counsel, pursuant to SCR-Civil 12-I(e) and 12(b)(6), submits the following memorandum of points and authorities in support of its motion to dismiss.

## INTRODUCTION

Plaintiff, Rev. Earnest Lee Hobley ("Plaintiff") alleges that he was employed as an assistant manager of the Kentucky Fried Chicken ("KFC") branch on Bladensburg Road, N.E., Washington, D.C. until he was terminated on February 9, 2003. (Complaint ¶¶ 6 – 7). Plaintiff complains that he was arrested and charged with first-degree theft, but was later found "innocent" of the charge. (Complaint ¶¶ 8-9). Plaintiff alleges that the charge was "based upon false information employee(s) at First Union/Wachovia Bank…reported to KFC's general manager, then Mr. Olu Adepegba." (Complaint ¶ 10). Plaintiff alleges that "under the Civil Rights Act Against false accusation, false information, false arrest, false prosecution and frame-up," that the Bank "falsely reported to KFC's general manager Olu Adepegba that the Plaintiff did not make a cash deposit the Plaintiff was responsible to make." (Complaint ¶¶ 1, 12).

Plaintiff states that his claim is one for "declaratory relief; injunctive relief damages based upon false accusation, false information, false arrest, false prosecution, and frame-up." (Complaint ¶ 12 [sic]).

## ARGUMENT

Although he provides no statutory citation, Plaintiff alleges that his claims arise from the "Civil Rights Act". For the purposes of this motion, Wachovia operates under the presumption that Plaintiff is asserting a claim under 42 U.S.C. § 1983, the statutory codification of the Civil Rights Act of 1871. Claims brought under 42 U.S.C. § 1983 are governed by the state's statute of limitations for personal injuries. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). The District of Columbia has established a three-year statute of limitations for personal injuries. D.C. Code § 12-301(8) (2006). Here, Plaintiff's § 1983 claims are barred by the statute of limitations. Plaintiff alleges that he was terminated from his employment at KFC on February 9, 2003. (Complaint § 7). He further claims that he was arrested and charged with first-degree theft on June 13, 2003. (Complaint § 8). Plaintiff alleges that he was charged with first-degree theft because the KFC general manager was provided false information by First Union/Wachovia Bank. (Complaint § 10). Thus, by a fair reading of Plaintiff's Complaint, his cause of action ostensibly arose on June 13, 2003 at the latest. Accordingly, the statute of limitations for Plaintiff's claims ran on June 13, 2006. Plaintiff, however, waited until September 21, 2006, well after the statute of limitations had run, to file this lawsuit. Thus, Plaintiff's § 1983 claims are barred by the applicable statute of limitations.

Even if Plaintiff does not purport to assert a § 1983 claim, but instead purports to assert a common law claim for libel, slander, malicious prosecution, or false arrest, his claims are barred nevertheless. Pursuant to section 12-301(4) of the District of Columbia Code, such claims are

governed by a one year statute of limitations. Even taking into account that Plaintiff's claim for malicious prosecution would arise at the time of the verdict on February 7, 2004, all of Plaintiff's claims are time-barred. Plaintiff filed this lawsuit on September 21, 2006, which is after the one year period in which Plaintiff could have properly brought his claim.

## CONCLUSION

For the foregoing reasons, Defendant, Wachovia Bank, N.A., respectfully requests that the Complaint against it be dismissed, with prejudice; and for such other and further relief as may be proper under the circumstances.

WACHOVIA BANK, N.A.

By: _____
Of Counsel

Grady C. Frank, Jr., D.C. Bar No. 433469
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
Telephone: (703) 734-4334
Facsimile: (703) 734-4340
*Counsel for Wachovia Bank, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of October, 2006, a copy of the foregoing document was sent by first-class mail, postage prepaid, to:

Rev. Earnest Lee Hobley
413 Longfellow Street, N.W.
Washington, D.C. 20011

_____

304645v2

CA Form 1

# Superior Court of the District of Columbia
CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

Rev. Earnest Lee Hobley
413 Longfellow Street N.W
Washington, DC 20011      **Plaintiff**

vs.

Wachovia Corporation
Ken Thompson (served)   **Defendant**
301 South College Street, Suite 4000
One Wachovia Center
Charlotte, North Carolina
28288-0013

0007155-06

Civil Action No. _____

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Clerk of the Court

Rev Earnest Lee Hobley
**Name of Plaintiff's Attorney**

413 Longfellow Street N.W
**Address**
Washington, DC 20011

202-321-6068
**Telephone**

By _____
Deputy Clerk

Date SEP 27 2006

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.