IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REV. EARNEST LEE HOBLEY,

    Plaintiff,

v.                                      Civil Action No.1:06-01739 (RCL)

WACHOVIA CORPORATION,

    Defendant,

## **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW Rev. Earnest Lee Hobley, Plaintiff pro se in the above captioned matter and in support of this motion states as follows:

### INTRODUCTION

The Defendant filed a Motion To Dismiss with this Honorable Court in order to escape clear evidence that the Defendant's Vice President, Cynthia Parks and the Defendant's Attorney Grady C. Frank, Jr. provided proves that the Plaintiff, Rev. Hobley never committed the crime for which he was charged. In fact, Wachovia Bank's evidence proves that **no crime at all had been committed**! Based on Wachovia Bank Vice president's findings regarding her investigation of the matter, it is clear that Rev. Hobley was charged and tried for first-degree theft, a crime that their records prove never was committed. According to Cynthia Parks Wachovia Bank's Assistant Vice President and Attorney Grady C. Frank, Jr. the money in question was never missing.

**RECEIVED**

OCT 2 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## STATEMENT OF THE CASE

On February 6, 2004, during the trial of U.S. v. Earnest L. Hobley the government presented false tangible evidence provided to KFC by Wachovia Bank. KFC testified that Wachovia reported to them that the deposit in question for which the Plaintiff was responsible never made it to their bank. The Plaintiff's defense to the government was that the Plaintiff did in fact make the deposit in question.

On February 6, 2004, the DC Superior Court found the Plaintiff innocent of the charge of first-degree theft.

The Defendant, Wachovia Bank Vice President Cynthia Parks and the Defendant's Attorney Grady C. Frank, Jr. confirmed that bank records indicate that the Plaintiff did in fact make the deposit in question.

## ARGUMENT

## THE PLAINTIFF, REV. HOBLEY ESTABLISHED A PRIMA FACIE CASE AND MET THE BURDEN OF PRODUCTION.

The Defendant had no grounds in which to request this Honorable Court to grant this Motion To Dismiss. The {Plaintiff has already met the burden of proof that the Defendant, Wachovia Bank falsely reported to KFC's general manager Mr. Olu Aadepegba that the plaintiff did not make the deposit for which he was responsible to make. KFC general manager, Mr. Olu Adepegba stated to the DC Metropolitan Police Department that he contacted Wachovia bank several times within a couple of week's time span to verify that the deposit for which the Plaintiff was responsible had been received. KFC reported to the DC Metropolitan Police Department that Wachovia Bank claimed

that the deposit for which the Plaintiff was responsible had not been received. Following her investigation of the matter, Wachovia Bank vice president Cynthia Parks verified with Rev. Hobley on October 6, 2006 that the deposit for which the Plaintiff was responsible was in fact received by the bank. Additionally, Wachovia Bank attorney, Grady C. Frank, Jr. also verified with Rev. Hobley on October 18, 2006 that the deposit for which the Plaintiff was responsible, had in fact, been made. **Thus, according to Wachovia Bank records and the associated findings of their investigation regarding the matter, <u>THE THEFT OF THE DEPOSIT FOR WHICH THE PLAINTIFF WAS CHARGED AND TRIED NEVER EVEN OCCURRED!!!</u>**

### THE PLAINTIFF'S CLAIM WAS FILED WITHIN THE DISTRICT OF COLUMBIA'S THREE (3) YEAR STATUTE OF LIMITATIONS FOR PERSONAL INJURIES

The Plaintiff, Rev. Hobley finds that the Defendant, Wachovia Corporation's argument is correct as it pertains to the District of Columbia's three-year statute of limitations for personal injuries, but it misses the mark concerning the time that the Plaintiff's cause of action arose.

During the trial regarding case no: F03446 03 A United States v. Earnest L. Hobley, heard on February 5, 2004 the government presented false tangible evidence to the DC Superior Court. The false tangible evidence presented was that the Defendant, Wachovia Bank reported to KFC general manager, Mr. Olu Adepegba that the Plaintiff, Rev. Hobley did not make a daily cash deposit that the Plaintiff was responsible to make. This

false information was officially presented and filed with the Court on February 6, 2004, the last day of the trial regarding this matter.

The Plaintiff could not have filed this action before the DC Superior Court found him innocent. If the Plaintiff had filed his claim before he was found innocent, his case would have been subject to dismissal for failure to state a claim upon which relief may be granted. Fed R. Civ. P.12 (b) (6); Leggett v. Montgomery Ward & Co, 178 F. 2d 436, 439 (10th Cir. (1949). Moreover, according to the DC three-year statute of Limitations for personal injuries, the Plaintiff's cause of action arose on February 6, 2004 and will end on February 6, 2007. **Therefore, the Plaintiff's claim for false information is not barred by the three-year statute of limitations.**

### FALSE ARREST, FALSE PROSECUTION, AND FRAME-UP ARE CASES OF FIRST IMPRESSION AND ARE NOT SUBJECT TO STATUTE OF LIMITATIONS.

These claims present a legal issue that has not yet been addresses or adjudicated by neither the U.S. District Court, Court of Appeals nor the U. S. Supreme Court in any particular jurisdiction. These are claims of first impression. There are no cases that have set precedent concerning these matters. Therefore, these claims cannot be governed by the standard statute of limitations.

## CONCLUSION

In considering a motion to dismiss, the Court accepts as true the Plaintiff's factual allegations set forth in the complaint. Summit Health, Ltd. v. Pinhas, 500 U.S. 322, 325, 114 L. Ed. 2d 366, 111 S. Ct. 1842 (1991); Kowal v. MCI Telecommunications Corp., 16F. 3d 1271, 1276, 305 U.S. App D.C. 60 (D.C. Cir. 1994); Telecommunications of Key West, Inc. v. United States, 244 U.S. App D.C. 335, 757 F.2d 1330, 1334 (D.C. Cir. 1985). It may dismiss the complaint for failure to state a claim, only if it appears that the Plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. Kowal v. MCI Telecommunications Corp., 16F.3d at 1276. Moreover, in this instant matter, the Court should apply the same rule of law that applies to a motion for summary judgment. To defeat the motion of summary judgment, the opposing party need only to show that there is sufficient evidence supporting the claimed factual dispute to require a jury to resolve the parties' differing versions of the truth as trial taking into account applicable burdens of proof. The Defendant has not stated a claim for which relief can be granted.

WHEREFORE, the premises considered, Plaintiff respectfully requests that:

1. The Defendant's Motion to Dismiss be Denied with prejudice; and,

2. For such other and further relief as to this Honorable Court seems just and proper.

Respectfully Submitted,

_____
Rev. Earnest Lee Hobley
413 Longfellow Street, N.W.
Washington, D.C. 20011
(202) 321-0068

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25 day of October 2006, a copy of the foregoing document was sent by first-class mail, postage prepaid, to:

Grady C. Frank, Jr., D.C. Bar No. 433469
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
Telephone: (703) 734-4334
Facsimile: (703) 734-4340
*Counsel for Wachovia Bank, N.A.*

_____

# EXHIBIT ONE

Rev. Earnest L. Hobley
6410 Lee Place
Capitol Heights, MD 20743-6326
(202) 321-0068

Cynthia Parks
Assistant Vice President
Wachovia Bank
101 Independence Mall East
Philadelphia, Pennsylvania 19106
(267) 321-3048

Dear Ms. Parks:

    This is a follow-up correspondence in reference to our two (2) telephone conversations on Friday, October 6, 2006.

    Our first conversation occurred at approximately 100:00 a.m. when you called requesting the reason for the lawsuit I initiated against Wachovia Bank. I pointed out the reason for my legal actions. First of all, your clients KFC brought criminal charges against me, based upon information KFC reported that your bank provided to them. KFC reported to the DC Metropolitan Police Department that KFC restaurant general manager, Mr. Olu Adepegba checked with the bank several times within a couple of weeks time span to see if the money had been deposited and Mr. Adepegba reported to the DC Metropolitan Police that your bank said it **had not** been received.

    You requested that I provide you with the information necessary to investigate this matter. I provided you with the date, amount and the bag number of the money deposited. You told me you would call me back, after you had investigated this matter. At approximately 3:35 p.m. on Friday, October 6, 2006, I received your return call verifying that the deposit I made in the amount of $2,075.12 on February 6, 2003 had in fact been received by the bank.

    I am requesting that you send to me, in writing, the findings of your investigation.

Time is of the essence.

If there are further questions, I can be contacted at the address and telephone number indicated.

Sincerely,

Rev. Earnest L. Hobley
6410 Lee Place
Capital Heights, MD 20743-6326
(202) 321-0068

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Cynthia Parks-
Assistant Vice President
Wachovia Bank
101 Independence Mall East
Philadelphia, Pennsylvania 19106

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  N L GG.     ☐ Agent  ☐ Addressee

B. Received by (Printed Name)
N L GG

C. Date of Delivery
10 12

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service)
EQ5413875l2US

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

EXHIBIT TWO

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CRIMINAL DIVISION

- - - - - - - - - - - - - x
UNITED STATES OF AMERICA  :   Docket Number F3446-03
                          :
        vs.               :
                          :
EARNEST HOBLEY,           :
                          :
        Defendant.        :
                          :   Friday, February 6, 2004
- - - - - - - - - - - - - x   Washington, D.C.


The above-entitled action came on for a hearing before the Honorable ZINORA MITCHELL-RANKIN, Associate Judge, in Courtroom Number 210.


APPEARANCES:

On behalf of the Government:

TRACEY FERGUSON, Esquire
Assistant United States Attorney


On behalf of the Defendant:

Pro se

**Deposition Services, Inc.**
6245 Executive Boulevard
Rockville, MD 20852
Tel: (301) 881-3344  Fax: (301) 881-3338
info@DepositionServices.com  www.DepositionServices.com