IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REV. EARNEST LEE HOBLEY, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>WACHOVIA CORPORATION, )<br>)<br>    Defendant. )<br>_____) | Civil Action No. 1:06-01739 (RCL) |

**DEFENDANT'S REPLY TO
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Defendant Wachovia Corporation ("Wachovia" or the "Bank"), by counsel, submits the following reply to Plaintiff's Opposition to Defendant's Motion to Dismiss.

**ARGUMENT**

**1.   Standard of Review**

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint and "admits all facts well pleaded but contests the plaintiff's right to any recovery based on those facts." *Herbin v. Hoeffel*, 727 A.2d 883, 886 (D.C. 1999) (citing *American Ins. Co. v. Smith*, 472 A.2d 872, 874 (D.C. 1984)).  A complaint may be dismissed for failure to state a claim upon which relief may be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief." *Larijani v. Georgetown University*, 791 A.2d 41, 43 (D.C. 2002) (citing *Owens v. Tiber Island Condo. Ass'n*, 373 A.2d 890, 893 (D.C. 1977)).  For purposes of a Rule 12(b)(6) motion, "the complaint must be construed in the light most favorable to the plaintiff, and its allegations taken as true." *McBryde v. Amoco Oil Co.*, 404 A.2d 200, 202 (D.C. 1979) (per curiam); *see also Abdullah v. Roach*, 668 A.2d 801,

804 (D.C. 1995). The court is limited to considering the facts alleged in the complaint, any documents attached to or incorporated into the complaint, matters of which the court may take judicial notice, and matters of public record. *See Johnson v. Long Beach Mortgage Loan Trust 2001-4*, 2006 U.S. Dist. LEXIS 54264, at 13 (D.D.C. Aug., 4, 2006) (citations omitted). Factual allegations in briefs of memoranda of law may not be considered when deciding a Rule 12(b)(6) motion. *Id.* (citing *Henthorn v. Dep't of Navy*, 29 F.3d 682, 688 (D.C. Cir. 1994); *cf. Behrens v. Pelletier*, 516 U.S. 299, 309, 116 S. C. 834, 133 L.Ed. 2d 773 (1996) (when a motion to dismiss is based on the complaint, the facts alleged in the complaint control)). Thus, the Court should ignore Plaintiff's contentions in his opposition brief that "evidence" provided by Wachovia's agents "proves that no crime had been committed." (Opp. Br. 1). Furthermore, in deciding a Rule 12(b)(6) motion, the Court need not accept the legal conclusions of the non-moving party. *See Taylor v. FDIC*, 328 U.S. App. D.C. 54, 132 F.3d 753, 762 (D.C. Cir. 1997).

Considering and accepting Plaintiff's allegations contained in his Complaint as true, Plaintiff's claims are barred by the applicable statute of limitations.[1]

> **2.    Plaintiff's claims of false accusation, false information, false arrest, false prosecution, and frame-up are barred by the applicable one-year statute of limitations.**

A motion to dismiss may be granted on the grounds of statute of limitations when the facts giving rise to the defense are apparent on the face of the complaint. *See Nat'l R.R. Passenger Corp. v. Lexington Ins. Co.*, 357 F. Supp. 2d 287, 292 (D.D.C. 2005). Here, Plaintiff's Complaint states his claim is for "declaratory relief; injunctive relief damages based upon false accusation, false information, false arrest, false prosecution, and frame-up." (Complaint ¶ 12 [sic]). In his opposition brief, he claims that these are "cases of first

---

[1] Defendant Wachovia Corporation maintains that even if Plaintiff's claims were timely brought, Plaintiff has not stated a colorable cause of action in his Complaint.

impression" and therefore, "cannot be governed by the standard statute of limitations." (Opp. Br. 4). Plaintiff cites no legal support for such a proposition. Even construing Plaintiff's statement to mean that Plaintiff's particular claims have not yet been adjudicated and are not subject to the principles of *res judicata* or collateral estoppel, Plaintiff's claims are not novel. Although a misnomer, Plaintiff's claims for false accusation, false information, false arrest, false prosecution and false arrest are barred by section 12-301(4) of the District of Columbia Code, which dictates a one-year statute of limitations for claims of libel, slander, malicious prosecution, or false arrest. According to the facts pleaded in his Complaint, these claims would have arisen at the latest on February 7, 2004. Thus, when Plaintiff filed this lawsuit on September 21, 2006, his claims were barred by the one-year statute of limitations.

      **3.**    **Plaintiff's claims under 42 U.S.C. § 1983 are time-barred.**

Although it is unclear from his Complaint that he purports to assert a claim under 42 U.S.C. § 1983, Plaintiff's opposition brief concedes that this is the basis of his Complaint. (Opp. Br. 3) ("The Plaintiff, Rev. Hobley finds that the Defendant, Wachovia Corporation's argument is correct as it pertains to the District of Columbia's three-year statute of limitations for personal injuries"). Thus, the parties agree that claims brought under 42 U.S.C. § 1983 are governed by the District of Columbia's three-year statute of limitations for personal injuries. The parties disagree as to when the cause of action accrued.

Under D.C. statute of limitations, the limitations period begins to run "from the time the right to maintain the action accrues." D.C. Code § 12-301. As a general rule, "[w]here the fact of an injury can be readily determined, a claim accrues for purposes of the statute of limitations at the time the injury actually occurs." *Mullin v. Wash. Free Weekly, Inc.*, 785 A.2d 296, 298 (D.C. 2001) (citing *Colbert v. Georgetown Univ.*, 641 A.2d 469, 472 (D.C. 1994)). Here,

3

Plaintiff's injury actually occurred on June 13, 2003, when he was arrested and charged with first-degree theft. (Complaint ¶ 8). Thus, the statute of limitations ran on June 13, 2006, and Plaintiff's Complaint filed on September 21, 2006, is time-barred.

Notwithstanding that this is the proper analytical framework for Plaintiff's claims, Defendant maintains that even if the "discovery rule" is employed, Plaintiff's claims are time-barred. There is a restricted line of cases where "the relationship between the fact of injury and the alleged tortious conduct [is] obscure," and the "discovery rule" applies. *Colbert*, 641 A.2d at 473-73. Under the discovery rule, the statute of limitations will not run until "plaintiffs know or reasonably should have known that they suffered injury due to the defendants' wrongdoing." *Id*. at 473. The types of cases wherein D.C. courts have applied this rule include medical malpractice, legal malpractice, defective house design and construction, repressed memories of sexual abuse, products liability where the injury is a latent disease, and fraud. *See Johnson*, 2006 U.S. Dist. LEXIS 54264, at *58 (citations omitted).

For those limited cases where the discovery rule is applicable, the cause of action accrues when "one must know or by the exercise of reasonable diligence should know (1) of the injury, (2) its cause in fact, and (3) of some evidence of wrongdoing." *Bussineau v. President & Directors of Georgetown College*, 518 A.2d 423, 435 (D.C. 1986). Accordingly, the cause of action accrues whenever there is any "appreciable and actual harm flowing from the [defendant's] conduct." *Hendel v. World Plan Exec. Council*, 705 A.2d 656, 661 (D.C. 1997) (citing *Knight v. Furlow*, 553 A.2d 1232, 1235 (D.C. 1989). "The law of limitations requires only that [the plaintiff] have *inquiry notice* of the existence of a cause of action." *See Hendel*, 705 A.2d at 661 (citations omitted) (emphasis in original). Here, Plaintiff's Complaint avers that on June 13, 2003, Plaintiff was arrested and charged with first-degree theft. (Complaint ¶ 8). Thus, assuming

4

*arguendo* that the discovery rule does apply to this situation, a proposition the Bank maintains is incorrect, Plaintiff's claim are barred by the three-year statute of limitations.  Plaintiff was on inquiry notice as of June 13, 2003, the date when he was arrested and charged with first-degree theft, that he might have had a colorable cause of action.  Thus, even giving the Plaintiff the benefit of the discovery rule, the statute of limitations for Plaintiff's claims ran on June 13, 2006.  Plaintiff filed his complaint on September 21, 2006, well after the statute of limitations had run.

## CONCLUSION

For the foregoing reasons and those stated in its memorandum of points and authorities in support of Defendant's Motion to Dismiss, Defendant, Wachovia Corporation, respectfully requests that the Complaint against it be dismissed, with prejudice; and for such other and further relief as may be proper under the circumstances.

WACHOVIA CORPORATION

By:   /s/ Richard Hagerty

Grady C. Frank, Jr., D.C. Bar No. 433469
Richard E. Hagerty, D.C. Bar No. 411858
TROUTMAN SANDERS LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
Telephone: (703) 734-4334
Facsimile: (703) 734-4340
*Counsel for Wachovia Bank, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of November, 2006, a true and accurate copy of the foregoing Notice of Filing Notice of Removal was served by first-class mail, postage prepaid, to:

Rev. Earnest Lee Hobley
413 Longfellow Street, N.W.
Washington, D.C. 20011

                                            /s/ Richard Hagerty

307094