IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REV. EARNEST LEE HOBLEY,

    Plaintiff,

v.                                                  Civil Action No.1:06-01739 (RCL)

WACHOVIA CORPORATION,

    Defendant,

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED PLEADING (LCvR7) (i)

COMES NOW Rev. Earnest Lee Hobley, Plaintiff pro se in the above captioned matter and in support of this motion states as follows:

### ARGUMENT

**1. The Plaintiff's response was related to the truth of the Defendant's allegations and not merely the timing of the false information.**

The crime committed against the Plaintiff, Rev. Hobley by the Defendant is not one of time, but one of fact. The Defendant filed a Motion to dismiss with this honorable Court in order to escape clear evidence that the Defendant's vice president, Cynthia Parks and the Defendant's attorney, Grady C. Frank, Jr. provided proof that the Plaintiff, Rev. Hobley never committed the crime for which he was charged. In fact, Wachovia Bank's evidence proves that no crime at all had been committed. Based on Wachovia Bank's vice president Cynthia Parks' findings regarding her investigation of this matter, no crime was

RECEIVED

DEC - 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

committed. The Defendant requests this honorable Court to ignore the fact that the Plaintiff has already met the burden of proof that the Defendant, Wachovia Bank falsely reported to KFC general manager, Mr. Olu Adepegba that the Plaintiff did not make the deposit for which he was responsible to make. Wachovia Bank attorney, Grady C. Frank, Jr. claimed in his points of authority that this Honorable Court must disregard the truth that the Plaintiff's allegation that Wachovia Bank reported false information is no longer alleged, but is in fact true. The Plaintiff, Rev. Hoblely has supported his claim with facts and law and the dismissal would clearly be unwarranted. A narrow class of cases is deemed "frivolous" if a complaint indicates facts in support of its conclusion, and the named defendant is amenable to suit, then if the complaint has at least an arguable basis in law and facts, it cannot be deemed frivolous. The Court must reverse dismissal of suits under the frivolous standard for those cases in which there is indisputably absent any factual and legal basis for the asserted wrong. See: Sills v. Bureau of Prisons, 761.f2d.792,793-94(DC Cir. 1985). Moreover, in considering a motion to dismiss, the Court accepts as true the Plaintiff's factual allegations set forth in the complaint. Summit Health, Ltd. v. Pinhas, 500 U.S. 322, 325, 114 L. Ed. 2d 366, 111 S. Ct. 1842(1991); Kowal v. MCI Telecommunications Corp., 16F.3d 1271, 1276, 305 U.S. App D.C. 60 (D.C.Cir. 1994); Telecommunications of Key West, Inc. v. United States, 244 U.S. App D.C. 335,757 F.2d 1330, 1334 (D.C. Cir. 1985). It may dismiss the complaint for failure to state a claim only if it appears that the Plaintiff can prove no set of facts in support of

their claim that would entitle them to relief. *Kowal v. MCI Telecommunications Corp.*, 16F.3d at 1276.

**2. The Plaintiff's false information claim is not barred by the three-year statute of limitations.**

The Plaintiff, Rev. Hobley and the Defendant, Wachovia Corporation agreed by a fair reading of the Plaintiff's complaint that the false information claim is governed by the District of Columbia three-year statute of limitations for personal injuries. During the trial regarding case no. f03446 03 A, United States vs. Earnest Hobley held on February 6, 2004. The government presented false tangible evidence that was provided by KFC that came from Wachovia Bank This false information was officially presented and filed with the Court on February 6, 2004 the last day of the trial regarding this matter. The Plaintiff had no knowledge of the false information that the government presented to the DC Superior Court until the day of trial on February 6, 2004. The Plaintiff's false information claim arose on February 6, 2004 and will end on February 6, 2007. Under the discovery rule, the statute of limitations will not run until "Plaintiff's know or reasonably should have known that they suffered injury due to the Defendants' wrongdoing." *Id.* at 473.

**3. The Defendant attempts to confuse the Court concerning the statute of limitations.**

The Defendant attempts to mislead this Honorable Court concerning the Statute of limitations. The Defendant claims that the Plaintiff's claims of false accusation, false information, false prosecution, and frame-up are barred by the one-year statute of

-3-

limitations. However, according to DC Code 12-301 (8) these claims are not "specially prescribed" therefore the statute of limitation is three (3) years. Moreover, false arrest, according to the DC Code for statute of limitations is the only claim in the Plaintiff's complaint that is subject to the one-year statute of limitations. The Defendant states that the parties agree that these claims are governed by the District of Columbia's three-year statute of limitations for personal injuries. Therefore, their argument is not consistent.

**4. Pro Se litigants are not barred by the stature of limitations**

   A pro se complaint is to be liberally construed and should not be dismissed unless the Plaintiff can prove no set of facts to support the claim; pro se plaintiff's claim pursuant to 42 U.S.C.S. 2000 not barred by three-year statute of limitations provided in subsection 12-301, where plaintiff's complaint only referred to a barred cause of action arising in the 1970's and did not mention a valid cause arising August of 1988, but defendant's motion to dismiss referred to the 1988 claim, therefore it was proper for the court to consider the 1988 action. Schowers v. Graham, 1990 U.S. Dist. Lexis 13748 (D.D.C. October 17, 1990). The Defendant requests this Honorable Court to ignore the fact that the Plaintiff has already met the burden of proof that the Defendant, Wachovia Bank falsely reported to KFC general manager, Mr. Olu Adepegba that the Plaintiff did not make the deposit for which he was responsible to make. Wachovia Bank attorney, Grady C. Frank, Jr. claimed in his points of authority that this Honorable Court must disregard the truth that the Plaintiff's allegation that Wachovia Bank reported false information is no longer alleged, but is in fact true, and disregard the fact that pro se litigants are not barred by the statute of limitations.

-4-

The Plaintiff, Rev. Hobley has supported his claim with facts and law and the dismissal would clearly be unwarranted.

WHEREFORE, the premises considered, Plaintiff respectfully requests that:

1. The Defendant's Motion to Dismiss be denied with prejudice; and,

2. For such other and further relief as to this Honorable Court seems just and proper.

Respectfully Submitted,

*[signature]*
Rev. Earnest Lee Hobley
413 Longfellow Street, N.W.
Washington, D.C. 20011
(202) 321-0068

## POINTS AND AUTHORITIES

DC Code 12-301 Limitation of time for bringing actions

42 U.S.C.S. 2000 Pro se litigants

LCvR 7 (i) Motion to amend pleadings

The record as a whole

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REV. EARNEST LEE HOBLEY,

    Plaintiff,

v.                                    Civil Action No.1:06-01739 (RCL)

WACHOVIA CORPORATION,

    Defendant,

## ORDER

Upon consideration of the Plaintiff's Motion for leave to file an amended pleading (LCvR7) (i) of Points and Authorities in support thereof, it is hereby,

**ORDERED,** that Plaintiff's motion is **GRANTED,**

_____,2006.

_____
**Judge**

Copies to:

Rev. Earnest L. Hobley
413 Longfellow Street, N.W.
Washington, DC 20011

Grady C. Frank, Jr., D.C. Bar No. 433469
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, Virginia 22102

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___4___ day of December 2006, a copy of the foregoing document was sent by first-class mail, postage prepaid, to:

Grady C. Frank, Jr., D.C. Bar No. 433469
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
Telephone: (703) 734-4334
Facsimile: (703) 734-4340
*Counsel for Wachovia Bank, N.A.*

_____
Pro se   Rev. Earnest L. Hobley