## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

REV. EARNEST LEE HOBLEY                )
                                       )
              Plaintiff,               )
                                       )
       v.                              )        Civil Action No. 06-1739 (RCL)
                                       )
WACHOVIA CORPORATION,                  )
                                       )
              Defendant.               )
_____)

## MEMORANDUM OPINION

Before the court is defendant's motion to dismiss [3] the claims of plaintiff Earnest

Hobley, plaintiff's motion for leave to file an amended pleading, [9] and defendant's motion for a

hearing [10].  Plaintiff states claims of "false accusation, false information, false arrest, false

prosecution and frame-up" under the "Civil Rights Act."  (Compl. 1.)  The Court assumes

*arguendo,* that plaintiff means to bring claims of libel, slander, malicious prosecution and false

arrest under D.C. common law, and a 42 U.S.C. § 1983 cause of action. The defendant's motion

to dismiss [3] is GRANTED because plaintiff's § 1983 claims is without merit and the other

claims are barred by D.C.'s one year statute of limitations.  The plaintiff has also filed a motion

for leave to file an amended pleading, [9] in order to submit a surreply to this Court.  Despite the

fact that plaintiff has not complied with the rules of this court, the motion will be GRANTED in

consideration of plaintiff's pro se status.  Lastly, defendant's motion for a hearing [10] is

DENIED as the court has ruled in its favor on its motion to dismiss.

### I. Factual Background

1

Earnest Lee Hobley was an assistant manager at the Kentucy Fried Chicken Restaurant at 2119 Bladensburg Road, NE in Washington, D.C. when he was fired on February 9, 2003. (Compl. ¶ 6.)  Wachovia Bank had informed KFC's general manager, Olu Aadepegba, that plaintiff Hobley had never made a deposit to the restaurant's account.  (Opp. at 2.)  Over the next few weeks, Mr. Aadepegba continued to contact the bank to see if plaintiff had made the deposit for which he was responsible.  (*Id.*)  After verifying that the deposit was still missing from KFC's accounts at Wachovia, Aadepagba informed the D.C. Metropolitan police of the matter. (*Id.*) Subsequently, Hobley was arrested and charged with first degree theft on June 13, 2003. (Compl. ¶ 8.) Plaintiff's trial was conducted at the D.C. Superior Court on February 7, 2004, and Hobley was found not guilty of the charge.  (Compl. ¶ 9.)  Even though it is clear that plaintiff must have known whether he did in fact deposit the money in question back in 2003, he claims that he first found out that Wachovia had indeed received the deposit (thus making their statements at plaintiff's trial false) on August 29, 2006. (Compl. ¶ 10.)

Plaintiff has brought charges of "false accusation, false information, false arrest, false prosecution, and frame-up" against Wachovia, Inc. and seeks attorney's fees, costs, and damages in the amount of $5,000,000,000. (Compl. ¶ 3, 4.)

## II. The §1983 Claim

The plaintiff has not been specific in stating what infraction of the Civil Rights Act he is alleging, but a § 1983 violation is the closest match.[1]  Plaintiff is not claiming he was

---

[1] The complaint states, "Plaintiff brings this action under the Civil Rights Act against false accusation, false arrest, false prosecution and frame-up under the "Other Civil Rights" (non-employment) listed in the "L" section ... on the JS-44 Civil Cover Sheet." (Compl. ¶ 1.)  The civil cover sheet is a general form (JS-44) used by the clerk's office to initiate the civil docket sheet, and presumably to help the office file the document according to the nature of the

discriminated against in his employment, housing, voting rights, or welfare benefits, therefore, he must being his claim under § 1983 and allege that it was a policy or custom of a government agency which caused his injury.  42 U.S.C § 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects...any citizen of the United States...to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law."  A person acts under "color of law" if he has exercised power "possessed by virtue of state law and [is] made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326 (1941).  Therefore, usually the actor is a state official or officer and the plaintiff was injured due to the an illegal policy implemented by this state actor.  However, a state may also be held liable for the actions of a private person if, "there is such close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself," *See, Williams v. U.S.,* 396 F.3d 412, 414 (D.C. Cir. 2005) (citing, *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n.*, 531 U.S. 288, 295 (2001)).  Further, "[A] challenged activity may be state action when it results from the State's exercise of coercive power, when the State provides significant encouragement...or when a private actor operates as a willful participant in joint activity with the State or its agents." *Brentwood* at 296.

---

complaint.  The section which plaintiff refers to is a box entitled "Civil Rights" and contains seven categories (Voting, Employment, Housing, Welfare, Amer. with Disabilities - Employment, Amer. with Disabilities - other, and Other Civil Rights).

Since the plaintiff has chosen to sue Wachovia under § 1983 and not the D.C. government, he must assert that Wachovia served as this private actor for the D.C. government. Even though the plaintiff states that Wachovia and the D.C. government worked together to prosecute him[2], he in no way presents evidence that D.C. encouraged Wachovia to present false evidence to convict plaintiff.  There is also no evidence that the two acted in concert to convict plaintiff based on evidence fabricated by Wachovia.  There is no such evidence alleged in plaintiff's complaint, and any claim of such conspiracy is speculative at best.  Plaintiff suggests that defendant Wachovia when it testified at his trial, knew that the deposit had actually been made.  (*See*, Opp. at 3.)  However, it takes much more than a reasonable jump to conclusions to arrive at the notion that Wachovia and the D.C. prosecutor's office conspired to bring Rev. Hobley down.  The Supreme Court just recently condemned such complaints and declared that they should not survive a 12(b)(6) motion to dismiss.  *See*, *Bell Atlantic v. Twombly*, Slip Op. 05-1126 at 8. (2006) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement' to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.").  Plaintiff's claim of a 1983 civil rights violation is inapplicable and must be dismissed by this court.

### III. Common Law Claims

If plaintiff wanted to bring actions of libel, slander, malicious prosecution, or false arrest against Wachovia or the District of Columbia, he must have done so within one year after

---

[2]"[T]he government presented false tangible evidence [provided by Wachovia that plaintiff never made the deposit in question] to the D.C. Superior Court." (Opp. at 3.)

accural.  D.C. Code § 12-301(4).  The parties disagree on whether the date of accural was June

13, 2003[3] or August 29, 2006[4], obviously defendants claiming the former and the plaintiff the

latter.   Plaintiff claims that the discovery doctrine allows the time of accural to be the moment he

discovered that Wachovia had in fact received the deposit, therefore rendering their testimony at

trial incorrect.  However, this is a misinterpretation of the discovery doctrine.  The discovery

doctrine is used when it is not clear who is responsible for a person's injury when it occurred, or

when a person was injured by a certain event, but evidence of injury did not develop until a later

point in time.  *See*, *Bussineau v. President and Directors of Georgetown College*, 518 A.2d 423,

425 (D.C. Cir. 1986) ("[I]n cases where the relationship between the fact of injury and the

alleged tortious conduct is obscure when the injury occurs, we apply a 'discovery rule' to

determine when the statute of limitations commences." (citing *Strager v. Schneider*, 494 A.2d

1307, 1316 (D.C. Cir 1985) and *Kelton v. District of Columbia*, 413 A.2d 919, 921 (D.C. Cir.

1980)).  If the discovery rule is applicable, a cause of action accrues when one knows or should

know (1) of the injury, (2) its cause in fact, and (3) of some evidence of wrongdoing.  *Bussineau*

at 425.

Plaintiff's causes of action most likely accrued on the date of his firing so long as he

knew that Wachovia's statements were false and led to this adverse action against him.  If his

employer did not disclose his source of information, accural would be tolled until plaintiff

discovered this information.  It is probably safe to assume that plaintiff discovered this

---

[3] On June 13, 2003 Hobley was arrested from his residence and charged with first degree theft. (Compl. ¶ 8.)

[4] August 29, 2006 is the date Hobley claims he found out that his arrest was based on false information Wachovia gave to KFC's general manager. (Compl. ¶ 10.)

information when he was charged for theft, but in any instance, he certainly knew it the day of his trial on February 7, 2004. It was on this day that Wachovia testified that they never received the deposit from Hobley. Even if the court gives the plaintiff the benefit of the doubt he did not know it was Wachovia's statements that led to his firing and prosecution until his trial, the statute of limitations ran on February 7, 2005. Accural could not have possibly have been on August 29, 2006 because plaintiff must have known himself whether or not Wachovia was incorrect in their statement that he never made the deposit. If Hobley had indeed made the deposit and Wachovia continued to assert that they never received it, Hobley would have a cause of action as soon as this statement brought injury to plaintiff. It seems that August 29, 2006 is simply the date that the bank manager admitted to plaintiff that they were incorrect in stating that he never made the deposit, because they had in fact received it. Therefore, the court finds that the latest date by which the statute of limitations clock could start ticking is the date of plaintiff's trial, February 7, 2004. The statute ran on February 7, 2005 and plaintiff did not file this complaint until September 21, 2006, making it time-barred.

## V. Conclusion

Plaintiff's motion for leave to file an amended pleading [10] is GRANTED despite the fact that it contains not the argument for why the motion should be ruled in his favor, but the argument of his surreply itself. This Court requires that these be two separate documents, one the motion and the other the surreply. Normally, the Court would deny such a motion in its present state, but in consideration of the plaintiff's pro se status this Court has decided to accept the motion in its present state.

After considering the pleadings, defendant's motion to dismiss and reply, plaintiff's opposition and surreply, the Court finds that plaintiff's complaint must be dismissed.  Plaintiff has not succeeded in stating a § 1983 claim upon which the court can grant relief, and any claims he might have had are barred by the District's one-year statute of limitations.  Thus, defendant's motion [3] will be GRANTED.  Since the case will be dismissed, there is no longer a need for any hearing on the matter.  Defendant's motion for a hearing [10] will therefore be DENIED.

A separate order shall issue this date.

Signed by Royce C. Lamberth, U.S. District Court Judge, August 1, 2007.