UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REV. EARNEST LEE HOBLEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WACHOVIA CORPORATION, )<br>)<br>Defendant, )<br>)<br>_____ ) | Civil Action No. 06-1739 (RCL) |

<u>**PLAINTIFF'S MOTION FOR RECONSIDERATION**</u>

COMES NOW Reverend Earnest Lee Hobley, Plaintiff pro se, in the above captioned matter and in support of this Motion states as follows:

The Plaintiff has stated his case with facts and law which relief can be granted.

<u>**SUMMARY ARGUMENT**</u>

The Court's ruling is based upon a red herring argument: Building on an unproven assumption, false analogy, fallacy, hast generalization, and sweeping generalization. According to DC Code 12-301(8) the Plaintiff's claim of false accusation, false information, false prosecution, and frame-up are governed by the three-year statute of limitations. The Plaintiff's case is a case of first impression and pro-se litigants are not barred by the statute of limitations.



RECEIVED
AUG 1 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

## **ARGUMENT**

**The Court's ruling concerning the § 1983 claim is based upon a red herring argument.**

The argument put forward in the memorandum of opinion concerning the § 1983 claim is a red herring argument. These following statements made in the memorandum of opinion are false. These statements are designed to detract from the real issue and lead toward an unrelated issue: "He must bring his claim under §1983 and alleged that it was a policy or custom of the government agency which caused his injury". (2). "Since the Plaintiff has chosen to sue Wachovia under § 1983 and not the DC government, he must assert that Wachovia served as this private actor for the Government". (3) "Even-though the Plaintiff states that Wachovia and the DC Government worked together to prosecute him". (4). "The Plaintiff suggests that the Defendant, Wachovia when it testified at his trial, knew that the deposit had actually been made".

In the Plaintiff's complaint he states that the cause of injury was due to the fact that KFC's general manager, Olu Adepegba reported to the DC Police Department that he checked with Wachovia bank several times within a couple of weeks to see if the money had been deposited. Mr Adepegba claimed that Wachivia Bank told him that the deposit that the Plaintiff was responsible to make had not been received by the bank. On August 29, 2006, the Plaintiff discovered that he had been chatged with first-degree theft based upon the false information KFC's general manager, Mr. Adepegba claimed that was provided to him by Wachovia Bank. On October 6, 2006, Wachovia Bank's vice president Cynthia Parks verified with Rev. Hobley that the bank had in fact received the deposit that Rev. Hobley was responsible to make. Wachovia Bank vice president

2

Cynthia Park and Wachovia Bank attorney Grady C. Frank, Jr. confirmed with Rev. Hobley that the bank records indicated that no money was ever missing. In considering a motion to dismiss, the Court accepts as true the Plaintiff's factual allegations set forth in the complaint. <u>Summit Health, Ltd. V. Pinhas, 500 U.S. 322, 325, 114 L.Ed.2d 366, 111 S.Ct. 1842 (1991); Kowal v. MCI Telecommunications Corp., 16 f.3d 1271, 1276, 305 U.S. App D.C. 60 (D.C. Cir. 1994).</u>

The Court statement that the plaintiff has chosen to sue Wachovia under § 1983 is incorrect. In the defendant's Memorandum of Points and Authorities in support of Defendant's motion to dismiss the defendant made this statement "for the purpose of this motion Wachovia operates under the presumption that the plaintiff is asserting a claim under 42 U.S.C § 1983". Therefore the statement made in the Court Memorandum Opinion claiming that the plaintiff has chosen to sue Wachovia under § 1983 is false. It was Wachovia who chose to act under § 1983 and not the plaintiff.

The Court made these untrue statements in it's Memorandum of Opinion "plaintiff state that Wachovia and the D.C government worked together to prosecute him". "Plaintiff suggest that defendant Wachovia when it testified at his trial knew that the deposit had actually been made. In the Plaintiff's complaint and all of his motions that he filed with this Court, the Plaintiff never stated that Wachovia worked with the D.C government to prosecute him. The Plaintiff clearly stated in his complaint that it was KFC's general manager Mr. Olu Aadepegba who reported to the D.C Police Department that Wachovia bank claimed that the deposit which the Plaintiff was responsible to make

3

had not been made. The Plaintiff never suggested in his complaint or any of his motions that he filed with this Court that Wachovia tested at his trial. The Plaintiff's trial was conducted at the D.C Superior Court on February 7,2004. The only person that the government bought forward to testify at the trial was KFC's area coach Mr. Marcus Jackson. The Plaintiff clearly stated to this court that it was KFC's area coach who testified against him. The Plaintiff never suggested to this Court that Wachovia communicated with the D.C government or testified at his trial. The only communication that the Plaintiff stated that Wachovia had in this matter is the statement mad by KFC's general manger Mr. Olu Aadepegba and KFC area coach Mr. Marcus Jackson. If any of these statements were true ,the defendant attorney Gary C. Frank Jr. would have presented an argument concerning these matters somewhere in one the motions that the defendant attorney filed with this court.

## Case of first impression

This court knows that this is an case of first impression. This court understands that this claim presents a legal issue that has never been addressed or adjudicated by neither the U.S District Court, Court of Appeals nor the U.S Supreme Court nor any particular jurisdiction. The court has never addressed a case where the plaintiff was tried for a crime that never occurred. The court has never ruled that there are laws related to federal stature or the U.S Constitution that would prohibit a U.S citizen from taking civil legal action in a court of law for being tried for a crime that never occurred. This court knows that there is no federal or constitutional rule of law that can support the defendant unconstitutional and

4

unlawful act for having the plaintiff tried for a crime that never occurred. This is why the court put forward in it's Memorandum Opinion a red hearing argument. The court falsely claimed that the plaintiff must bring his claim under The § 1983 claim ,and alleged that it was a policy or custom of a government agency witch caused his injury ,and falsely claiming that the plaintiff had chosen to sue Wachovia under § 1983. The court also falsely claimed that the plaintiff suggest that the defendant Wachovia testified at his trial. A narrow class of cases is deemed "frivolous" if a complaint indicates facts in support of it's conclusion, and the named defendant is amenable to suit, then if complaint has at least an arguable basis in law and facts, it cannot be deemed frivolous. The Court must reverse dismissal of suits under the frivolous standard for those cases in which there is indisputably absent any factual and legal basis for the asserted wrong. See: Sills v. Bureau of Prisons, 761.f2d792,793-94(DC Cir.1985).

**The Plaintiff's claim is not barred by this one year Statute of Limitation.**
The Court assumes arguendo that the Plaintiff's means to bring claims of libel, slander, malicious prosecution and false arrest under D.C Common law and 42U.S.C§1983 is incorrect. In the plaintiff's complaints it clearly states that the plaintiff means to bring claims of false accusation, false information, false arrest, false prosecution and frame-up under the number 440 other Civil Rights moreover in all of the motions the plaintiff filed with this Court clearly state that the plaintiff's are claiming false accusation, false information, false arrest, false prosecution, and frame up.

The plaintiff clearly explained to this Court that he is not bringing claims of liable, slander, or malicious prosecution. The Plaintiff explained to the court that the defendant put forward this false argument in it's motion to dismiss simply because the defendant knew that according to D.C 12-301(8) these claims false accusation, false information, false prosecution, and frame-up are not specifically prescribed. Therefore according to the D.C code the Statute of Limitation is three(3) years. The claim of false arrest in the plaintiff's complaint according to the D.C code is the only claim that I s subject to the one year Statute of Limitation.

The Court has determined that the Plaintiff certainly knew that the day of his trial February 7 ,2004 when KFC area coach Marcus Jackson testified that Wachovia Bank stated that the bank never received the deposit from Hobley. The Court find that the last day by which the Statute of Limitations clock could start ticking is the date of the Plaintiff's trial February 7,2004. Therefore ,according to the D.C code 12-301(8) stating that claims that are not specifically prescribed are governed by the three year Statute of Limitation. These claims of false accusation ,false information , false prosecution, and frame-up are not specifically prescribed. Therefore these claims are governed by the three year Statute of Limitation. The clock started ticking on February 7,2004 for these claims: false accusation, false information, false prosecution, and frame-up and will end on February 7,2007. The plaintiff filed his complaint on September 21,2006 therefore, these claims are not according to the D.C code 12-301(8) time barred. The Court knew that the parties agreed that the claims brought under 42,USC§1983 are governed by the district of Columbia's three- year Statute of Limitations for personal injuries. The parties disagree as

to when the cause of action accurred.

### Pro Se Litigants are not barred by the Statute of Limatations

A Pro Se complaint is to be liberally construed and should not be dismissed unless the plaintiff can prove no set of acts to support the claim; Pro Se plaintiff's claim pursuant to 42 U.S.C.S.2000 not barred by three-year statute of limitations provided in subsection 12-301,where plaintiff's complaint only referred to a barred cause of action arising in the 1970's and did not mention a valid cause arising august of1988, but defendant's motion to dismiss referred to the 1988 claim, therefore it was proper for the Court to consider the 1988 action.Schowers v. Graham, 1990 U.S. Dist. Lexis 13748(D.D.C. October 17,1990).

### Conclusion

The plaintiff Rev. Earnest lee Hobley has supported his claim with facts and law and the dismissal would clearly be unwarranted.

Wherefore, the premises considered, Plaintiff respectfully request that:

1. The Plaintiff's motion for reconsideration be granted.
2. For such other and further relief as to this Honorable Court seems just and proper.

Respectfully Submitted,

*Rev Ernest Hobley*

Rev. Earnest lee Hobley
413 Lonfellow Street, NW
Washington, D.C 20011
(202) 321-0068

## Certificate of service

I Hereby Certify that on this 16 day of August 2007, a copy of the foregoing document was sent by first-class mail, postage prepaid, to:

Grady C. Frank, Jr., D.C. Bar No. 433469
Troutman Sanders LLP
1660 International Drive, Suite 600
Mclean, Virginia 22102
Telephone (703) 734-4334
Facsimile (703) 734-4340
Counsel for Wachovia Bank, N.A.

*Rev Ernest Hobley*